IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 4:08-cv-110 |
| | § | |
| BOARDWALK MOTOR SPORTS, | § | |
| LTD., *et al.* | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court are the cross-motions for summary judgement by Plains Capital Bank (Doc. No. 57) and the United States (Doc. No. 60). Having considered the motions and responses on file, the Court finds that a factual issue exists. Accordingly, the parties' motions are DENIED.

**A. Background**

Gregory Rand's tax liability exceeds $7.5 million. By May 6, 2004, the Internal Revenue Service (IRS) had filed notices of federal tax liens in the Collin County personal property records. In 2005, Defendant Plains Capital Bank (Plains Capital) extended a $200,000 business line of credit to Rand. Rand pledged his 2005 Ferarri as collateral for the loan.

In an effort to collect on Rand's tax debt, the IRS arranged for Defendant Boardwalk Motor Sports (Boardwalk) to sell Rand's Ferrari. Boardwalk sold the Ferrari for $210,000 and kept a $10,500 commission as agreed to by the IRS. Boardwalk sent $194,982.02 to Plains Capital to pay off the bank's loan that was secured by an interest in the Ferrari. Boardwalk sent the remaining $1,685.10 to the IRS.

The United States has filed this action to recover the sales proceeds paid to Plains Capital.

The United States claims that Boardwalk and Plains Capital converted the proceeds that rightfully belonged to the IRS, which held a senior interest in the Ferrari. The United States also claims that Plains Capital wrongfully failed to honor the IRS levy.

**B. Summary Judgment Standard**

The Court should grant a motion for summary judgment if no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A fact is material if it might affect the outcome of the suit under the governing law. *Merritt-Campbell, Inc. v. RxP Products, Inc.*, 164 F.3d 957, 961 (5th Cir. 1999). Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); Merritt-Campbell, Inc., 164 F.3d at 961. When ruling on a motion for summary judgment, the Court must view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Merrit-Campbell, Inc.*, 164 F.3d at 961.

Under Rule 56, the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex*, 477 U.S. at 323-25). If the moving party fails to meet this initial burden, the motion must be denied regardless of the nonmovant's response. *Little*, 37 F.3d at 1075. If the movant meets the burden, however, Rule 56 requires the opposing party to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible

evidence that specific facts exist over which there is a genuine issue for trial. *Anderson*, 477 U.S. at 250; *EEOC v. Tex. Instruments, Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996); *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1046–47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by argument, conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence. *Matsushita*, 475 U.S. at 585; *Wallace*, 80 F.3d at 1047; *Little*, 37 F.3d at 1075.

### C. Analysis

The United States wants to recover the sales proceeds from Rand's 2005 Ferrari. Boardwalk sent $194,982.02 to Plains Capital, in order to pay off the the Plain's Capital loan secured by the Ferrari. The United States claims it is entitled to those funds and has brought this action against Boardwalk and Plains Capital for conversion of the sales proceeds. The United States also claims that Plains wrongfully failed to honor the IRS levy.

**1. Conversion**

Tortious conversion is the wrongful control over the property rights of another. *Amarillo Nat'l Banl v. Komatsu Zenoah America, Inc.*, 991 F.2d 273, 274 (5th Cir. 1993). A secured party may bring an action for conversion in order to repossess collateral from a transferee. *Id.* at 275.

It is beyond dispute that the tax lien on the 2005 Ferrari was superior to Plains Capital's interest. The United States automatically had a tax lien when Rand failed to pay his taxes, and the lien continues until the taxes are paid. 26 U.S.C. § 6322. Furthermore, the United States perfected its interest by filing its lien in the Collin County tax office, which established the IRS's priority over other secured creditors. 26 U.S.C. § 6323(a) & (f).

After the IRS had already perfected its lien, Plains Capital issued Rand a line of credit secured by the Ferrari. Plains Capital had both actual and constructive knowledge of the existing tax lien. Accordingly, the IRS had a superior interest in the 2005 Ferrari.

However, the United States does not want to recover the Ferrari. Instead, this dispute arises over the proceeds from the sale of the Ferrari.

A tax lien passes to the proceeds of a sale of collateral. *Phelps v. United States*, 421 U.S. 330, 333 (1975). *See also*, Tex. Bus. & Comm. Code § 9.315(a)(2). Furthermore, the transfer of the sales proceed to Plains Capital did not extinguish the tax lien, unless the IRS authorized the transfer free of the tax lien. *United States v. Bess*, 357 U.S. 51, 57 (1958).

On this point, however, the Court is confronted with conflicting testimony. The IRS and Boardwalk arranged for the sale through a series of undocumented conversations. The salesman for Boardwalk and the IRS agent have conflicting recollections of their agreed terms. The Boardwalk representative claims the IRS agent authorized him to pay off the Plains Capital loan. The IRS agent claims that he specifically instructed Boardwalk not to pay Plains Capital.

Summary judgment is not the proper juncture to determine the credibility of witnesses. Weighing credibility and resolving factual disputes is the responsibility of the jury where one has been timely demanded.

Accordingly, the United States' and Plains Capital's motions for summary judgment on the conversion issue are DENIED.[1]

---

[1] Although Defendant Boardwalk has not responded to the United States' motion for summary judgment, the United States has not demonstrated that no genuine issue of material fact exists on its claim for conversion against Boardwalk. The same fact issue that prevents the Court from granting summary judgment against Plains Capital also prevents entry of summary judgment against Boardwalk. However, Boardwalk's failure to participate in this action could

### 2. Failure to Honor Levy

The United States also claims that Plains Capital failed to honor the IRS levy. A levy is a procedural device used to enforce a tax lien. 26 U.S.C. § 6331. The IRS can serve a levy on a third party to collect 1) property belonging to the delinquent tax payer or 2) property subject to a tax lien. 26 U.S.C. § 6331. A third party that fails to honor an IRS levy can be held personally liable for the value of property wrongfully withheld from the IRS. 26 U.S.C. § 6332(d).

The IRS served Plains Capital with a tax levy eleven days after Plains Capital received the sales proceeds from Boardwalk. By the time Plains Capital received the levy, it had already credited Rand's loan with the funds received from Boardwalk. Because Plains Capital no longer had the check from Boardwalk, Plains Capital claims that the levy was ineffective.

A levy attaches to any property subject to a tax lien. 26 U.S.C. § 6331. As discussed above, when Boardwalk sold the Ferrari, the tax lien transferred to the sales proceeds. Accordingly, the IRS levy of the sales proceeds was valid unless the IRS authorized Boardwalk to pay Plains Capital free and clear of the tax lien. Thus, the Court is faced with the same factual inquiry as on the conversion claim: Did the IRS authorize Boardwalk to pay off the Plains Capital loan?

Because a genuine issue of material fact exists regarding the existence of the tax lien, the parties' cross-motions for summary judgment are DENIED.

### D.     Order for Briefing

A party generally cannot bring an action for conversion of money, unless the money is identifiable. *Newsome v. Charter Bank Colonial*, 940 S.W.2d 157, 161 (Tex. App.–Houston [14th

---

subject it to a default judgment.

Dist.] 1996, writ denied). The Parties shall brief this issue as it applies to the facts in this case. The briefs shall be filed with the parties' proposed pretrial order due on December 15, 2009.

### E. Conclusion

For the reasons stated above, Plains Capital's motion for summary judgment (Doc. No. 57) and the United States' cross-motion for summary judgment (Doc. No. 60) are DENIED.

Furthermore, the Court notes that the parties have stipulated to all the facts except one: whether the IRS authorized Boardwalk to pay the Plains Capital loan. Trial in this action shall be limited to this one factual dispute.

**It is SO ORDERED.**

**SIGNED this 2nd day of December, 2009.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE